IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 18-cr-00131-DKW |
|---|---|
| Plaintiff, | **ORDER (1) DENYING DEFENDANT JEFFREY ROWELL'S MOTION TO DISMISS, AND (2) GRANTING THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO PRECLUDE USE OF AN ENTRAPMENT DEFENSE WITHOUT PREJUDICE** |
| v. | |
| JEFFERY ROWELL, aka "Jeffrey D. Rowell," aka "Jeffrey D. Stinnette," aka "Darnell Stinnette," | |
| Defendant. | |

Pending before the Court are, among other things, Defendant Jeffrey Rowell's Motion to Dismiss, Dkt. No. 45, and Plaintiff the United States of America's Motion in Limine to Preclude Use of the Entrapment Defense ("the Motion in Limine"), Dkt. No. 62. Both motions, either principally or in toto, concern the propriety of an entrapment defense in this case. Having reviewed the parties' papers, the record, and the relevant legal authorities, the Court DENIES the Motion to Dismiss and GRANTS the Motion in Limine without prejudice to Defendant requesting a jury instruction on entrapment at trial should the evidence presented support such a defense.

## BACKGROUND

On August 22, 2018, Rowell was charged in a one-count indictment with distributing cocaine within 1,000 feet of Aala Park, a playground, on June 13, 2018. Dkt. No. 1. On December 7, 2018, while pro se,[1] Rowell filed the Motion to Dismiss, Dkt. No. 45, which the Government has opposed, Dkt. No. 50.[2]

On December 19, 2018, the grand jury returned a superseding indictment against Rowell, charging him with two offenses: (1) distributing cocaine within 1,000 feet of Aala Park on June 13, 2018; and (2) possessing with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers on August 28, 2018. Dkt. No. 52.[3]

On January 8, 2019, the Court held a hearing on the Motion to Dismiss. Dkt. No. 60. At the conclusion of the hearing, the Court took the Motion to Dismiss under advisement but invited both sides to file supplemental materials by January 11, 2019. In addition, after the Government indicated at the hearing that it might file a motion in limine specific to the entrapment defense that would

---

[1] At that time, Megan Kau had been appointed stand-by counsel to Rowell, after he waived his right to court-appointed counsel. Dkt. Nos. 34, 49.
[2] No reply in support of the Motion to Dismiss has been filed.
[3] Rowell subsequently pled not guilty to the charges in the superseding indictment. Dkt. No. 56. At the same time, he moved to revoke his request to represent himself and for Ms. Kau to be appointed as counsel. Those requests were granted, and thus, Rowell has been represented by Ms. Kau since December 26, 2018. *Id.*

overlap with one of the arguments presented in the Motion to Dismiss, the Court advised that a briefing schedule would be promptly set upon the filing of that motion so that both motions could be decided concurrently.

On January 11, 2019, the Government filed the Motion in Limine. Dkt. No. 62. On the same day, the Government filed a supplemental response to the Motion to Dismiss, attaching, among other things, video and audio CDs relating to Count One of the superseding indictment. Dkt. Nos. 61, 61-2, 61-3. Although the Court directed Defendant to file a response to the Motion in Limine by January 16, 2019, Dkt. No. 64, no response has been filed.

## **LEGAL STANDARD**

### I. **Motion to Dismiss**

To succeed on a motion to dismiss that is based on entrapment, a defendant must show that he is entitled to such a defense as a matter of law. *United States v. Schafer*, 625 F.3d 629, 636-637 (9th Cir. 2010). There is no such entitlement when there are "definite conflicts" in the evidence. *See id*. at 637 (quotation omitted) (mentioning conflicts in testimony on the issue of how the defendant began selling drugs). That is because any such conflicts must be resolved by the jury. *Id*. (quotation omitted).

## II. Motion in Limine

A court may preclude a defense "if the defendant fails to make a prima facie showing that he is eligible for the defense." *Id*. However, "[o]nly slight evidence will create the factual issue necessary to get the [entrapment] defense to the jury." *United States v. Becerra*, 992 F.2d 960, 963 (9th Cir. 1993) (quotation and internal quotation omitted). That is true even where "the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *Id*.

## DISCUSSION

In *United States v. Cortes*, 757 F.3d 850 (9th Cir. 2014), the Ninth Circuit Court of Appeals provided the following guidance regarding entrapment -

> The entrapment defense has two elements: (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime. Inducement can be any government conduct creating a substantial risk that an otherwise lawabiding citizen would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. An inducement consists of an opportunity *plus* something else– typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive.
>
> As to the second requirement, the defense of entrapment fails if the defendant is predisposed to commit the crime. We have identified five factors to determine whether a defendant was predisposed: The character or reputation of the defendant, including any prior criminal

record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant was engaged in the criminal activity for profit; whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and the nature of the inducement or persuasion supplied by the Government. Although none of these factors is controlling, the defendant's reluctance to engage in criminal activity is the most important.

*Id.* at 858 (citations, quotations, and alterations omitted).

With these principles in mind, the Court turns to the Motion to Dismiss and Motion in Limine.

I. **Motion to Dismiss**[4]

Because Rowell filed the Motion to Dismiss pro se, the Court liberally construes the arguments therein. *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990). In that light, Rowell appears to argue that either he did not sell any controlled substances on June 13, 2018, or, if he did, an undercover agent entrapped him into doing so. Arguably, Rowell also contends that his

---

[4]As the Court observed at the January 8, 2019 hearing, the Motion to Dismiss was filed *before* the filing of the superseding indictment in this case. The Court addressed this procedural matter with defense counsel, and counsel requested that the arguments in the Motion to Dismiss be considered as if they were addressed toward the superseding indictment. With no objection from the Government, and in order to avoid the inefficiency of re-filing the Motion to Dismiss, the Court is willing to do so. That being said, although Rowell briefly mentions events occurring on August 28, 2018, the day Count Two of the superseding indictment is alleged to have occurred, the Motion to Dismiss does not assert that Count Two should be dismissed, nor do Rowell's principal arguments appear to relate to Count Two.

constitutional right to equal protection has been violated in that he was "targeted" for entrapment due to being African American.

To the extent Rowell argues that he did not, in fact, sell controlled substances to an undercover agent on June 13, 2018, and thus, he did not commit the offense charged in Count One of the superseding indictment, that is a sufficiency of the evidence argument, which is inappropriate for a pre-trial motion to dismiss. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (explaining that the allegations in a charging instrument must be presumed as true for purposes of a pre-trial motion to dismiss). Here, because the superseding indictment alleges that Rowell sold controlled substances – specifically, cocaine – on June 13, 2018 in the location charged, and there is at least some evidence to support that charge, *see* Decl. of Andrew Brown at ¶ 3, Dkt. No. 61-1; Decl. of Abigayle Moyer at ¶ 3, Dkt. No. 61-4, Rowell must take any evidence sufficiency arguments to a jury, *see Jensen*, 93 F.3d at 669.

Rowell's entrapment argument similarly provides no basis to dismiss the superseding indictment. Essentially, in the Motion to Dismiss, Rowell disputes the Government's interpretation of events on June 13, 2018. For Rowell, even if he sold cocaine to an undercover agent, he believes that he was not predisposed to do so because he claims to be a drug user, not a drug seller. According to the

Government, however, Rowell did sell cocaine on June 13, 2018, and he displayed no reluctance in doing so. He required no persuasion at all, much less the excessive pressure over an extended period typically necessary to support entrapment. Because evidence in the record supports the Government's argument, including the affidavit of the undercover agent to whom Rowell allegedly sold cocaine on the day in question, *see* Brown Decl. at ¶ 3, and there is presently no evidence of an "opportunity *plus*" on which to base a finding of inducement, Rowell is not entitled to an entrapment defense as a matter of law. *See Schafer*, 625 F.3d at 637; *Cortes*, 757 F.3d at 858; *see also* Section II, *infra*.

As for Rowell's apparent assertion that his right to equal protection may have been violated, the Court agrees with the Government's response to the Motion to Dismiss. *See* Dkt. No. 50 at 2-4. Simply put, Rowell has presented nothing but brief conjecture that he was "targeted" for an undercover operation due to his race. The Court, therefore, rejects any argument that Rowell's right to equal protection has been violated on this record.

## II. <u>Motion in Limine</u>

The Government argues that Rowell should be precluded from obtaining a jury instruction on the entrapment defense, in part, because there is no evidence in

the record that he was induced to sell controlled substances, as alleged in Count One of the superseding indictment. The Court agrees.

As explained earlier, inducement requires opportunity *plus* additional conduct by the Government. *Cortes*, 757 F.3d at 858. Here, it can be said that the Government provided an opportunity for the sale of drugs when the undercover agent asked to purchase $40 of cocaine. *See Jacobson v. United States*, 503 U.S. 540, 549-550 (1992) (explaining that "an agent deployed to stop the traffic in illegal drugs may offer the opportunity to buy or sell drugs"); Brown Decl. at ¶ 3. That, however, is all the evidence in the record shows the Government did here. In other words, there is no *plus*.

Rowell does not meaningfully contend otherwise. Instead, he appears to argue that he was induced to sell drugs simply because the Government provided him an opportunity to do so. *See* Dkt. No. 45 at 5 (arguing that "[t]he government in fact fostered and paid for the crime to be committed by paying allegedly $40 to entrap the defendant for the sale of crack cocaine"). This, however, misapprehends the law because opportunity alone is insufficient. *See Cortes*, 757 F.3d at 858. Moreover, at no point has Rowell argued that the Government engaged in any conduct close to the conduct *Cortes* explained as "typically" being

required to show inducement, such as excessive pressure or taking advantage of a non-criminal motive.

Rowell also argues that the video and audio recordings of the alleged drug transaction on June 13, 2018 are contradictory. More specifically, Rowell argues that the "disparity" in the length of the video and audio recordings suggests that the two recordings were not made on the same day. Although the audio recording may be of shorter duration than the video recording, this does not mean (or suggest) that the two recordings were made on different days. Instead, the record reflects that the audio recording device was issued to the undercover agent, and the audio recording is of the agent's interaction with Rowell. Brown Decl. at ¶ 3. The video recording, however, is of a longer period of time than just the interaction between the agent and Rowell. As Rowell's own timeline of the video recording reflects, *see* Dkt. No. 45 at 1, the undercover agent did not appear in the video for approximately 45 seconds and, after the agent walked away from Rowell, the video continued for approximately another minute. It is, thus, unsurprising that the video recording is longer than the audio recording. More importantly, the simple fact that the two recordings are of different lengths does not suggest that there was any form of prohibited inducement during the interaction between the undercover agent and Rowell.

Rowell also argues that his voice cannot be heard on the audio recording and the video recording "clearly" shows the undercover agent having more conversation than reported. Whether Rowell's voice can be heard on the audio recording, though, is of little import to his entrapment defense, given that there is no dispute that Rowell is the individual with whom the undercover agent interacted and no dispute that Rowell is the individual depicted in the video interacting with the agent. As for Rowell's contention that the undercover agent conversed more with Rowell than the agent states occurred, the Court disagrees that the video recording reflects, clearly or otherwise, additional conversation between the two. Having viewed the video recording, in conjunction with listening to the audio recording, it does not suggest that any further conversation took place either before or after the undercover agent handed cash to Rowell. This is especially so where, as here, Rowell provides no indication as to what additional conversation the undercover agent had with him.

As a result, because there is currently no evidence in the record that Rowell was induced to purportedly sell drugs on June 13, 2018, the Motion in Limine to preclude the entrapment defense is GRANTED. However, should the evidence before the Court change, including at trial, such that it supports both elements of an

entrapment defense, the Court will entertain a renewed defense request to consider an appropriate jury instruction.[5]

## **CONCLUSION**

For the foregoing reasons, (1) Jeffrey Rowell's Motion to Dismiss, Dkt. No. 45, is DENIED, and (2) the United States of America's Motion in Limine to Preclude Use of the Entrapment Defense, Dkt. No. 62, is GRANTED WITHOUT PREJUDICE as set forth herein.

IT IS SO ORDERED.

DATED: January 18, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

_United States of America v. Jeffery Rowell, et al.;_ Cr No. 18-00131 DKW;
**ORDER (1) DENYING DEFENDANT JEFFREY ROWELL'S MOTION TO DISMISS, AND (2) GRANTING THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO PRECLUDE USE OF AN ENTRAPMENT DEFENSE WITHOUT PREJUDICE**

---

[5]The Court notes that the vast majority of Rowell's arguments in the Motion to Dismiss relate to his alleged lack of predisposition to sell controlled substances. However, because the Court has been presented with no evidence currently in the record to support the first element of an entrapment defense–inducement–it is unnecessary to specifically evaluate predisposition.

11